# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff-Respondent,<br><br>v.<br><br>MARCO VAZQUEZ,<br><br>   Defendant-Movant. | Civil Case No. 12cv2913-BTM<br>Crim. Case No. 11cr5748-BTM<br><br>**ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY** |

Marco Vazquez ("Defendant"), a federal inmate proceeding *pro se*, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Defendant's § 2255 motion and a Certificate of Appealability are **DENIED**.

## I. BACKGROUND

On December 20, 2011, an information was filed, charging Defendant with conspiring to distribute approximately 6.04 kilograms of methamphetamine. (Information, December 20, 2011, ECF No. 20.) On January 17, 2012, Defendant pled guilty pursuant to a plea agreement. (Plea Agreement, January 17, 2012, ECF No. 32.) On November 6, 2012, the Court sentenced Defendant to a 46-month term of imprisonment, followed by a three-year term of supervised release. (ECF No. 52.)

## II. **DISCUSSION**

On December 6, 2012, Defendant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 56.) Under § 2255, a prisoner may move to vacate, set aside, or correct his sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."

Defendant argues that his sentence should be reduced because he will stipulate to deportation and because he has been denied community confinement due to his alien status, which is a violation of equal protection.

In the Plea Agreement, Defendant waived his right to collaterally attack his sentence except on the basis of ineffective assistance of counsel. Specifically, the Plea Agreement states:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing. If the custodial sentence is greater than the high end of that range, defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed.

(Plea Agreement at 11.) "A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." United States v. Rahman, 642 F.3d 1257, 1259 (9th Cir. 2011) (citing United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005)). The Ninth Circuit has also recognized that a waiver barring collateral attack of a conviction or sentence is enforceable when knowingly and voluntarily made. See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993). Here, the Court imposed a sentence of 46 months, which is less

than the Government's recommended guideline range of 87 to 108 months. Therefore, Defendant may only collaterally attack his sentence on the grounds of ineffective assistance of counsel.

With regard to Defendant's argument that he should receive a 2-point downward departure because he will stipulate to deportation, he already stipulated to deportation as part of the Plea Agreement. See Plea Agreement at 10. Because he entered into the Plea Agreement as part of the fast-track program, he received a -4 downward departure pursuant to United States Sentencing Guidelines ("USSG" or "Guidelines") § 5K3.1. Stipulating to deportation was part of the fast-track agreement. Thus, Defendant has already received the benefit that he now seeks.

Defendant also argues that he should receive a -2 downward departure because he is ineligible for community confinement. He further argues that this is a violation of equal protection. The Court already ruled on this issue at the time of sentencing. As reflected in the minute order, the Court considered the fact that the defendant is in this country illegally and cannot get any benefit of community confinement, but declined to depart, finding no equal protection violation. (See ECF No. 52.) The Ninth Circuit has previously held that illegal alienage is not a suspect classification, Plyler v. Doe, 457 U.S. 202, 223 (1982), and therefore the government need only demonstrate a rational basis for treating aliens and non-aliens differently with regard to community confinement. McLean v. Crabtree, 173 F.3d 1176, 1186 (9th Cir. 1999). See also United States v. Rodriguez-Tovar, Case No. 11-cr-5558-BTM (S.D. Cal. January 7, 2013).

In McLean, prisoners subject to Immigration and Naturalization Service ("INS") detainers were excluded from community-based treatment programs, and therefore ineligible for sentence reduction on that basis. They argued that the exclusion violated due process and equal protection, and the Ninth Circuit rejected both arguments. First, the Ninth Circuit held that it was not a due process violation because the statutory provision creating community confinement, 18 U.S.C.A. §

3621(e)(2)(B), "does not create a liberty interest in sentence reduction." 173 F.3d at 1185. Second, the Ninth Circuit held that it was not a violation of equal protection because there was a rational basis for excluding prisoners with detainers, namely that they were more likely to flee a halfway house because they might be deported after release from custody. Id. at 1184, 1186. See also Santos v. United States, 940 F. Supp. 275, 281 (D. Haw. 1996) ("one's status as a deportable alien, which may result in ineligibility for less restrictive terms of confinement, nevertheless cannot justify a downward departure"). Therefore, the Court holds that there is no due process or equal protection violation.[1]

Because Defendant waived his right to collaterally attack his sentence and his arguments also fail on the merits, his § 2255 motion is **DENIED**.

### III. CONCLUSION

For the reasons above, the Court **DENIES** Defendant's motion under 28 U.S.C. § 2255 and **DENIES** a Certificate of Appealability. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: August 29, 2013

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court

---

[1] Defendant also argues that his ineligibility violates the "Equal Rights Act" because no person shall be discriminated based on nationality. Defendant is essentially claiming that he is treated differently based on his status as an alien. Defendant's equal protection claim encompasses this claim. Accordingly, the result is the same, and this claim also fails on the merits.